```
                      United States District Court
                        Southern District of Ohio
                            Western Division
```

| | | |
|---|---|---|
| KAREN FEICHTNER, | : | |
| | : | No. 1:05-CV-00398 |
| Plaintiff, | : | |
| | : | |
| | : | ORDER |
| | : | |
| V. | : | |
| | : | |
| | : | |
| ROMAN CATHOLIC ARCHDIOCESE | : | |
| OF CINCINNATI, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Defendant's Motion for Judgment on the Pleadings (doc. 5), Plaintiff's Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings (doc. 8), the Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings (doc. 12), and Defendant's Submission of Supplemental Authority in Support of Its Motion for Judgment on the Pleadings (doc. 13).

**Relevant Facts**

The Plaintiff is a former schoolteacher at the St. William School, operated by the Defendant (doc. 1). The Plaintiff was hired in June of 1989, and worked for the Defendant for fifteen years (Id.). The Plaintiff performed well in her capacity as a teacher, and earned positive reviews and annual merit salary increases (Id.). In February of 2004, the Plaintiff was informed that her contract would not be renewed for the following year

(Id.). The Plaintiff was fifty-six years old at that time, and had no desire to retire (Id.). Three other younger teachers were also informed that their contracts would not be renewed at the end of the year (Id.). However, those other, younger teachers were subsequently offered alternate positions at St. Williams (Id.). The Plaintiff was more qualified for these alternate positions and had more seniority, but the Plaintiff was only offered positions for which she was not qualified or certified (Id.). The Plaintiff brought this action alleging age discrimination under the Age Discrimination in Employment Act (ADEA) and under Ohio Revised Code § 4112.99 (Id.). The Plaintiff also brought a claim for wrongful discharge in violation of Ohio public policy against age discrimination in employment (Id.). The Defendant has moved to dismiss the Plaintiff's Ohio public policy claim on the grounds that it fails to state a claim upon which relief can be granted (doc. 5).

**Applicable Legal Standard**

The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same de novo standard that is applicable to a motion to dismiss under Rule 12(b)(6) (See United Food and Commercial Workers Local 1099 v. City of Sidney, 364 F.3d 738, 745 (6th Cir. 2004) citing Zeigler v. IBP Hog Mkt., 249 F.3d 509-511-512 (6th Cir. 2004)). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to

determine whether a cognizable claim has been pleaded in the complaint.  The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which states that, a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1687 (1974).  Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957).  A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in Jones v. Sherrill, 827 F.2d 1102, 1103 (6th Cir. 1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint.  Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983), cert. denied, 469 U.S. 826 (1984).  The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief.  Id. at 158; Conley v. Gibson, 355 U.S. 41 (1957).

(Jones, 824 F.2d at 1103).

The admonishment to liberally construe a plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal

3

conclusions (Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969)). "In practice, a complaint ... must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1985) (quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981), cert. dismissed, 462 U.S. 1125 (1983)); see also Sutliffe, Inc. v. Donovan Companies, Inc., 727 F.2d 648, 654 (7th Cir. 1984); Wright, Miller & Cooper, Federal Practice and Procedure: § 1216 at 121-123 (1969)).  The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**Analysis**

The claim at issue is the Plaintiff's claim of wrongful discharge in violation of Ohio public policy. The Plaintiff here has also asserted claims alleging age discrimination under the Age

Discrimination in Employment Act (ADEA) and under Ohio Revised Code § 4112.99.  The Defendant argues that Ohio law forecloses such public policy claims where adequate statutory remedies exist to protect the public policy.  The Defendant further argues that R.C. § 4112.99 and the ADEA provide such adequate remedies, and thus that the Plaintiff's claim fails as a matter of law.  The Plaintiff counters by asserting that such claims are still cognizable under Ohio law.

The Ohio Supreme Court has not yet directly ruled on this issue.  In 2002, the Ohio Supreme Court ruled in Wiles v. Medina Auto Parts, 96 Ohio St.3d 240, 773 N.E.2d 526 (Ohio 2002) that public policy claims may not be brought when adequate statutory remedies exist that vindicate the public policy.  The statute at issue in Wiles was the federal Family and Medial Leave Act, and not the ADEA or R.C. § 4112.99, and Plaintiff attempts to distinguish Wiles on this ground.

Post-Wiles, this Court had indicated that such public policy claims were still cognizable under Ohio law.  See Abrams v. Millikin & Fitton Law Firm, 267 F. Supp. 2d 868 (S.D. Ohio 2003).  Nevertheless, this Court now finds that the Plaintiff's public policy claim must fail as a matter of law.

In Carrasco v. NOAMTC, Inc., 124 Fed. Appx. 297, 2004 WL 2756838 (6th Cir. 2004), the Sixth Circuit interpreted Ohio law as barring a public policy claim for wrongful discharge "if there

5

already exits a statutory remedy that adequately protects society's interests."  Id. at **7, quoting Wiles, 96 Ohio St.3d 240. Carrasco dealt with a claim of wrongful discharge under Title VII and R.C. § 4112.99.  The Sixth Circuit in Carrasco held that a court must examine whether the statutory remedies available under other statutes are comprehensive enough to vindicate public policy goals.  R.C. § 4112.99 provides that whoever discriminates against another individual in employment "is subject to a civil action for damages, injunctive relief, or any other appropriate relief."  The Ohio Supreme Court has given the term "damages" in R.C. § 4112.99 a broad interpretation, in effect holding that every remedy, whether in law or equity, is available under R.C. § 4112.99.  Rice v. Certainteed Corp., 84 Ohio St.3d 417 (1999).  The Sixth Circuit held that such a broad grant of relief is enough to adequately protect the public policy goal of forbidding employment discrimination, and dismissed the plaintiff's public policy claim.

Other courts in this Circuit have applied and relied on Carrasco to dismiss public policy claims in age discrimination suits.  See Curry v. Consolidated Coal Co., No. C203-CV-1053, 2005 WL 1159410 (S.D. Ohio May 17, 2005) (Frost, J.); Williams v. Allstate Ins. Co., No. 5:04-CV-2435, 2005 WL 1315756 (N.D. Ohio Jun. 2, 2005) (Nugent, J.).  The plaintiff in Curry attempted to distinguish Carrasco on the grounds that it only dealt with Title VII, and was thus inapplicable.  The court rejected this claim,

6

however, and held that the reasoning of Carrasco was applicable to other statutes. Additionally, courts that have not specifically cited Carrasco have still found that the type of public policy claim at issue here is foreclosed by the remedies in R.C. § 4112.99. See Gray v. Allstate Insurance Co., No. 1:03-CV-910, Order (S.D. Ohio Sept. 26, 2005) (Beckwith, C.J.); Thaman v. Ohiohealth Corp., No. 2:03-CV-210, 2005 WL 1532550, *16 (S.D. Ohio June 29, 2005), Lewis v. Fairfield Hosp., 806 N.E.2d 185, 188-189 (Ohio Ct. App. 2004).

**Conclusion**

This Court is bound by the Sixth Circuit's holding in Carrasco, and agrees with other courts in this district that the broad scope of remedies available under R.C. § 4112.99 is sufficient to vindicate Ohio's public policy goals, and thus forecloses a separate cause of action for violation of public policy. Accordingly, the Court hereby GRANTS the Defendant's Motion for Judgment on the Pleadings (doc. 5).


SO ORDERED.


Dated: March 7, 2006        /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge